ELLIS, Judge:
This is a suit by John Pope to recover from Republic Underwriters Insurance Company, which insured his home against loss by fire, the amount of a loss suffered by him when his home burned on April 18, 1973. Republic denied liability on the ground that plaintiff was himself the instigator of the fire. After trial on the merits, judgment was rendered in favor of plaintiff for the face amount of the policy together with penalties and attorney’s fees, and defendant has ' appealed.
The law applicable in such cases is given in Sumrall v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68 (1952), as follows:
“Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. It is well settled that the insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but *442 that the claimant is responsible for the fire.”
We think that the record clearly reflects that the fire was of incendiary origin. The unrebutted expert testimony offered by defendants is to that effect, and we see no reason to disbelieve it.
Defendant contends that plaintiff had a motive for setting the fire because he was unemployed and his wife, who had been making the payments on the house and on their other obligations, had left him. The record reflects that all of the obligations were current at the time of the fire, but that no payments were made on them for some time thereafter. The record further reflects that the furniture, fixtures and appliances in the house were not insured and were destroyed by the fire.
The evidence is in hopeless confict as to whether Mr. Pope had the opportunity to set the fire himself. His son, William R. Pope, heard him threaten to burn the house to keep the finance company from getting it. William Pope further testified that his father had taken curtains, pictures, clothing and other articles from the house, and left some of them with him and some in other places. He also testified that on the evening of the fire, his father borrowed a number of shotgun shells from him, and hinted that the house would be burned that night. He further stated that his father was an alcoholic and often made idle threats. He testified that on the day after the fire, plaintiff said that he had paid Jack Rester $1,000.00 to set the fire.
Jack Rester also testified at the trial. It was brought out that he had given four different versions of his activities and those of plaintiff on the day of the fire, some of which implicated plaintiff and some of which exonerated him. The trial judge did not believe Mr. Rester’s testimony in any respect, and we see little point in detailing it here.
Plaintiff’s own testimony is to the effect that he spent the day with Mr. Rester, and that he did not set the fire. He further explained that he brought various personal items to his son’s house because he was preparing to rent his own home. He also had brought some laundry to be done by his daughter-in-law.
The trial judge found that defendant had not carried the burden of proving its defense, and we find no manifest error in his conclusion in that respect.
Defendant complains that the trial judge attached undue significance to the fact that plaintiff was acquitted of arson at the criminal trial. In his written reasons for judgment, the trial judge did say:
“This is a suit on an insurance policy covering a fire loss of a home that belonged to the plaintiff, John Pope. The defendant insurance company refused payment and this suit was filed to recover the amount of the policy. The insurance company defends on the grounds that the plaintiff burned his own house. Criminal proceedings were brought against the plaintiff John Pope, and after a trial, the jury returned a verdict of not guilty. The plaintiff had a serious drinking problem and on the night that the house burned, he had a friend of his, who also had a very serious drinking problem, were drinking together at the house, which later burned that night. The plaintiff was not present in the home when it caught fire. The only witness that testified that the plaintiff, John Pope, burned his house was his alleged friend, Mr. Jack Rester. The testimony of Jack Rester is completely unworthy of any belief. Mr. Rester has told several different stories, some implicate Mr. Pope in burning the house, others that say he did not. At the criminal trial he testified that Mr. Pope burned the house, apparently the jury did not believe him because they found him not guilty. Mr. Rester testified at the trial of this matter and the Court is of the opinion that his testimony *443 can not be believed by any stretch of the imagination.”
There are no other references to the criminal trial. We do not interpret the foregoing statements as indicating an undue reliance on the acquittal. The court notes further in 'its opinion that defendant must prove its defense by a preponderance of the evidence, so that it is clear that he did not exact a higher burden of proof than is required by law in civil cases. There is more than ample evidence in the case to substantiate the propriety of the judge’s refusal to believe Mr. Rester’s testimony. Defendant’s contention is without merit.
Defendant’s next specification of error is that the court erred in awarding the face amount of the policy, since the house was not a total loss. Plaintiff introduced a repair estimate showing that the repairs would cost more than the face amount of the policy. Defendant offered no competent evidence to the contrary except the testimony of Hoyt Garrick, who made no independent estimate but only criticized that introduced by plaintiff. We find no manifest error in the decision to accept plaintiff’s contention.
We do, however, find that the judge erred in awarding penalties and attorney’s fees. The trial judge held that the insurance company did not have access to the fire marshall’s report and made no investigation of its own, and therefore had no basis for denying the claim. The record reflects that the company was aware of the investigation, and so advised Mr. Pope. The subsequent criminal charge for arson made against Mr. Pope, and his trial thereon, were public knowledge. We therefore hold that the defendant was not arbitrary in denying plaintiff’s claim under the policy.
The judgment appealed from is amended by removing therefrom the penalties and attorney’s fees awarded to plaintiff, and, as amended, it is affirmed. Costs of the appeal shall be borne equally by the parties. All other costs shall be paid by defendant.
AMENDED AND AFFIRMED.